TOM JOHNSON v. LEON & H. BLUM.

Decided November 17, 1897.

**Claim Bond—Surety—Judgment.**

A surety upon a statutory bond for a trial of the right of property becomes a party to the litigation, and the court can render judgment against him without having him served with citation or otherwise notified. A judgment rendered against him in such case in pursuance of an agreement not assented to by him and while he was not present or represented, is not void, and, if erroneous, his remedy was by appeal, not by injunction.

APPEAL from McCulloch. Tried below before Hon. J. O. WOODWARD.

*Walter Anderson*, for appellant.—1. A judgment rendered without notice to party against whom it is rendered, and without his appearance, is void, notwithstanding the recital of notice or appearance in the judgment. Such recital is not conclusive, but may be contradicted. Hamblin v. Knight, 81 Texas, 355; Witt v. Kaufman, 25 Texas Supp., 386; Edrington v. Allsbrooks, 21 Texas, 186; Freem. on Judg., sec. 495.

2. The court having found as a matter of fact that the recitals in the judgment sought to be enjoined of appearance or notice to the defendant were false, and that Johnson was induced by representations and promises of Blum's attorney from taking immediate steps for his relief, it should have perpetuated the injunction and set the judgment complained of aside. It is immaterial whether the attorney had authority to release Johnson or not. His representations or promises deterred him from moving at once for relief, and it was the attorney who represented the Blums. Same authority; also 2 Pom. Eq. Jur., sec. 917; Heidenheimer v. Loring, 6 Texas Civ. App., 570; Rev. Stats., title 97.

3. If the court in the cause in which the judgments sought to be enjoined was entered acquired jurisdiction over appellant by reason of his signing claimant's bond by Lyons, it was only a special or limited jurisdiction. Sometimes courts acquire jurisdiction for certain purposes only. The court acquires jurisdiction of the surety on a claimant's bond under chapter 97, Revised Statutes, by virtue of that statute, and it acquires jurisdiction to render only such judgment as said statute prescribes, and only such judgment can be satisfied in the mode pointed out by that statute, and any attempt to exercise a larger or different jurisdiction over the surety is void. Freem. on Judg., sec. 143, p. 153; Rev. Stats., chap. 97; Bank v. Bates, 76 Texas, 329; 12 Am. and Eng. Ency. of Law, 244; Stewart v. Anderson, 70 Texas, 588.

4. The suspension of execution for six months in the judgment complained of had the effect to release the surety on the claimant's bond. Johnson was not a party to the agreement made before the judgment, and the court having no jurisdiction over him for the purpose of rendering judgment upon an agreement to which he was not a party, the extension of time to the principal in consideration of an agreed judgment released

the surety. Ryan v. Morton, 65 Texas, 261; Clark v. Cummings, 84 Texas, 614; Gardner v. Watson, 76 Texas, 32.

*Goodman, Grinnan & Shropshire,* for appellees.

KEY, ASSOCIATE JUSTICE.—On the 4th day of July, 1885, M. A. Lyons instituted a statutory proceeding for the trial of the rights of property as to sixty head of cattle upon which the sheriff of McCulloch County had levied an execution issued upon a judgment in favor of Leon & H. Blum and against J. W. Lyons. On the same day, July 4, 1885, M. A. Lyons filed a claimant's bond in said proceeding, as required by the statute, upon which bond Tom Johnson, appellant in this case, was a surety.

The property levied on was valued at $500, and the proceeding to try the rights of the property was filed and docketed in the District Court of McCulloch County; and thereafter the following judgment was rendered in said proceeding:

"LEON & H. BLUM ⎫
  "No. 168.  v.      ⎬ District Court McCulloch County, Texas,
"M. A. LYONS ET AL. ⎭    May 3, 1886.

"Now come the parties in the above entitled cause by their attorneys, and having agreed that the following judgment be inserted in this cause, to wit, that the plaintiffs have judgment against the defendants for the sum of three hundred and fifty-nine and 25-100 dollars; that said judgment bear no interest until December 5, 1886; that no execution issue until after said date. Therefore, it is ordered, adjudged, and decreed by the court that the plaintiffs, Leon & H. Blum, do have and recover of and from the defendants, M. A. Lyons, J. W. Lyons, N. B. Johnson, and Tom Johnson, the sum of three hundred and fifty-nine and 29-100 dollars; that said judgment bear interest from and after December 5, 1886, at the rate of 10 per cent per annum, and that no execution shall issue in this case until December 5, 1886; that defendant pay the cost of this suit, for which let execution issue in behalf of the officers of this court for all costs in this case."

Appellant brought this suit to restrain the enforcement of said judgment, upon the ground that he was not present nor represented at the trial, and never agreed that such judgment might be entered against him.

Without considering all the assignments of error in detail, we will briefly state our conclusions in reference to the entire case.

When a person becomes a surety upon a statutory bond for the trial of the rights of property, he becomes a party to the litigation, and the court can render judgment against him without having him served with citation or otherwise notified. It is not claimed that Leon & H. Blum, by fraud or otherwise, prevented appellant from attending court at the time

the judgment was rendered or from taking the steps to correct whatever errors may have been committed. In our opinion, the court had jurisdiction, both of the subject matter and of appellant, to render the judgment complained of. Therefore, said judgment is not absolutely void, and if it was erroneous, appellant's remedy was an appeal.

The testimony shows that the attorney who promised to release appellant from liability on the judgment had no authority to do so; and hence, he was not released, and has not excused himself for failing to avail himself of the remedy afforded by appeal.

No reversible error is disclosed, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.